*Craddock, Trabue, T. B. Ford, for appellee.*

---

KENTUCKY UNIVERSITY *v.* SANFORD MCBRAYER, EX'R. ET AL.

**Subscriptions—Judgment on Pleadings.**

Where in an action on subscriptions, the issue tendered by the defendants is "that they subscribed and paid this money," and the response of the plaintiff is in substance that they are indebted, without any denial of its payment, defendants are entitled to a judgment on the pleadings.

**Appeal—Reversal—Slight Error.**

The Court of Appeals will not disturb a judgment on account of a small error in the calculation of interest, as to the period covered by the calculation, where the plaintiff had the right to demand it sooner and did demand it sooner by institution of suit.

APPEAL FROM MERCER CIRCUIT COURT.

November 14, 1873.

OPINION BY JUDGE PRYOR:

The appellant filed an answer for the first time upon the return of this cause to the court below after the first judgment had been reversed.

There is much proof taken on the question of payment, when the answer filed makes no denial nor raises any issue on that branch of the case. The amended petition of the appellees alleges not only an acknowledgment of the indebtedness, but an express promise to pay it by the defendants. The cross-petitions of Allen and wife, and Taylor sustain this allegation of payment also, and still no denial. The answer of defendants professes to adopt an answer offered to be filed by Bowman, but never filed, and is not a part of the record. It also adopts the response made by Bowman in his answer to rules made against him on the first hearing. This response of Bowman, even if it could be regarded

as a part of the appellant's answer, contains denial of these specific charges made in the subsequent amended pleadings. It is denied in the answer that the appellant "owes the appellees anything on scholarship, etc., either in law or equity," or that they are in any manner or form indebted to them. This may be all true and the appellees, Allen and wife, have paid the money to the University. The issue tendered by the appellees is "that they subscribed and paid this money," and the response of the appellant is in substance that they are indebted, without any denial of its payment. The appellees were entitled to a judgment on the pleadings, but conceding that an issue was formed, the proof is conclusive that Allen paid the $1,000; so much so, that it is unnecessary to discuss it. As to the claim of Mrs. Allen, the chancellor regarded that as belonging to the husband; and as she is making no complaint on that account, and is not in fact before the court as appellee, it will be considered by this court as between the parties to the present appeal, as belonging to the husband. There is some doubt after excluding her testimony (and we think she ought not to have been permitted to testify, as her husband was also a witness), as to whether or not she paid exceeding $145; yet the pleadings admit the payment, and no question on this point can well arise from the proof. If the appellee, Ben Allen, gave his notes for these scholarships, it was incumbent on the appellant to produce the notes, or show that they were still unpaid. It is immaterial to the appellant whether or not the court below decided properly as to the privity of these liens. Unless they pay the money into court, that relieves them from responsibility. Allen, by his cross-petition, is claiming that this fund shall be applied to the payment of his debts. His creditors are asking the same thing, and as they are not seeking the judgment as to the rights of creditors, the appellant cannot make the objections for them. The judgment in favor of Carter rendered in the police court, is all regular and proper; and although the consent order transferring it to the circuit court may have been improperly made, still the law, in order to have the rights of creditors finally settled when they are asserting liens on the same fund in different counts, has authorized the transfer from the inferior to the superior tribunal; and the chancellor, finding this record of Carter's in the case with a claim asserted by him on this fund, will not remand it back to the inferior court merely to

enable him to make an order returning it again to the files of his court. Besides, the real claimant is asking that these debts be satisfied out of this fund. The jurisdiction to garnishee this money is undoubted; and the chancellor's power to coerce its payment out of the funds belonging to the University, equally as much so. This is not an individual judgment against the curators, but can be enforced only against the funds and property of the university, under their control. The Kentucky University agreed to refund to the citizens of Mercer the value of unpaid coupons paid by them, as well as the moneys paid for scholarships. This court will not disturb the judgment because interest is made to run from the 20th of June, 1865, instead of the 17th of July, 1865, and particularly when the appellees had the right to demand it sooner, and did, in fact, so demand it by their action instituted in May, 1865.

The judgment of the court below is affirmed.

*Jno. B. Thompson, for appellant.*

*Kyle & Poston, for appellees.*